Lamont **SHEPARD**, Plaintiff–Appellant,

v.

T. **QUILLEN**; J. Wise, Defendants–Appellees.

No. 13-15554

United States Court of Appeals, Ninth Circuit.

Argued and Submitted August 12, 2015 San Francisco, California

Filed October 26, 2016

George Clark Harris, Attorney, Morrison & Foerster LLP, San Francisco, CA, for Plaintiff-Appellant.

Misha Igra, Esquire, Supervising Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: KOZINSKI and TALLMAN, Circuit Judges, and RAYES,* District Judge.

**MEMORANDUM** **

Shepard had to prove both subjective and objective elements to succeed on his Eighth Amendment excessive force claim. See Hudson v. McMillian, 503 U.S. 1, 7–8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). The evidence introduced at trial tended to show that Quillen used little, if any, force against Shepard. It's thus more likely than not that the jury found Quillen didn't use objectively excessive force. Accordingly, even if the district court erred in instruct-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

ing on Quillen's subjective intent, "it is more probable than not that the jury would have reached the same verdict had it been properly instructed." Clem v. Lomeli, 566 F.3d 1177, 1182 (9th Cir. 2009). Because we find that Shepard suffered no prejudice even under de novo review, we need not decide whether the district court violated Federal Rule of Civil Procedure 51 by not asking Shepard whether he objected to the proposed instructions.

We resolve Shepard's appeal against Wise in an opinion filed concurrently herewith.

**AFFIRMED** in part, **REVERSED** in part and **REMANDED.**

Costs to Shepard against Wise and to Quillen against Shepard.

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.